559 P.2d 657

STATE of Arizona, Appellee,

v.

Charles LEE, Jr., Appellant.

No. 3094.

Supreme Court of Arizona,
In Banc.

Dec. 6, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Stanley L. Patchell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, Charles Lee, Jr., was charged with the crime of first-degree murder for the shooting of George Naum Bendo. At approximately 1:15 a. m., on May 17, 1974, the appellant attempted to rob a gas station on the east side of Phoenix. Armed with a pistol, he approached the station on foot and waited until the station's lone customer had pulled away from the pumps before confronting the attendant. The latter, a sixty-five-year-old man, attempted to grapple with the appellant, but the ensuing struggle was terminated when the appellant shot his victim in the back. The appellant and a companion were apprehended a few minutes later. The victim died within the hour.

Appellant's first trial terminated in a hung jury, but a second jury trial resulted in a finding of guilty as charged. At the separate sentencing hearing, conducted in accordance with A.R.S. § 13–454, the court found two of the aggravating circumstances enumerated in the statute to be present. No mitigating circumstances were found and appellant was sentenced to death.

This appeal raised four questions for our consideration:

A. whether there was an unconstitutional underrepresentation of blacks and other minorities on the jury,

B. whether the trial court erred by allowing testimony and arguments which infringed on appellant's Fifth Amendment rights,

C. whether the death penalty, per se, or Arizona's death penalty statute is unconstitutional, and

D. at the sentencing hearing, whether the trial court erred by considering evidence inadmissible under A.R.S. § 13–454.

### A.

■ Appellant first claims that, as a result of the jury panel selection procedures of Maricopa County, blacks and other minorities were unconstitutionally underrepresented on the petit jury which convicted him. No objection to the jury's composition was made in the trial court below, and appellant first asserted the argument on this appeal. Appellants who fail to object in the trial court waive their rights to raise the objection on appeal. *State v. Magallanes,* 110 Ariz. 235, 517 P.2d 505 (1973).

■■ The Fourteenth and Sixth Amendments to the United States Constitution forbid a state's deliberate and systematic exclusion of an identifiable and distinct group from the jury lists because an accused is entitled to a jury drawn from a fair and representative cross section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Hernandez v. Texas,* 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954). Appellant, however, has not alleged the existence of a systematic exclusion. Instead, he merely alleges instances in which blacks and other minorities were "underrepresented" on jury panels. Mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge. *U. S. v. Grose,* 525 F.2d 1115 (7th Cir. 1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976). One is not entitled to a jury composed of the exact proportion of one's race which exists in the general population. The Constitution requires only that the jury be selected by a process which does not systematically exclude the members of one's race. *State v. Watson,* Ariz., 559 P.2d

121 (1976); *State v. Taylor,* 109 Ariz. 267, 508 P.2d 731 (1973).

■ Jurors in Arizona are selected at random from voter registration lists pursuant to A.R.S. § 21–301(A). The use of voter registration lists as the sole source of the names of potential jurors is not constitutionally invalid, absent a showing of discrimination in the compiling of such voter registration lists. *United States v. James,* 453 F.2d 27 (9th Cir. 1971); *United States v. Parker,* 428 F.2d 488 (9th Cir. 1970), *cert. denied,* 400 U.S. 910, 91 S.Ct. 155, 27 L.Ed.2d 150. Those who do not choose to register to vote cannot be considered a "cognizable group." Their nonregistration is a result of their own inaction; not a result of affirmative conduct by others to bar their registration. *United States v. Freeman,* 514 F.2d 171 (8th Cir. 1975); *United States v. Lewis,* 472 F.2d 252 (3rd Cir. 1973); *Camp v. United States,* 413 F.2d 419 (5th Cir. 1969), *cert. denied,* 396 U.S. 968, 90 S.Ct. 451, 24 L.Ed.2d 434 (1969); *Grimes v. United States,* 391 F.2d 709 (5th Cir. 1968). We conclude that there was no denial of constitutional rights in the selection of the jury which tried appellant.

### B.

Appellant's second ground on appeal is that the trial court admitted into evidence two statements which violated his Fifth Amendment rights. The first of the two statements was the testimony of a Phoenix police officer who said that appellant had "refused to answer any more questions" during an interrogation. Appellant objected to this evidence and moved for a mistrial. The motion for mistrial was denied.

Appellant contends that the police officer's testimony directs attention to the accused's assertion of his Fifth Amendment right against self-incrimination which makes the testimony improper. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Shing,* 109 Ariz. 361, 509 P.2d 698 (1973).

Appellant's silence was not offered as evidence against him. This becomes obvi-

ous when appellant's "silence" is put into its proper context. After he was taken to the police station, appellant voluntarily talked with the police. He denied being in the area of the gas station during the night in question, but admitted being familiar with its location and having been there two days before. The testimony at issue was:

"Q. BY MR. SHAW: Officer, anything else said by the defendant Lee?

"A. He—His statements? When we asked him if he knew James Johnson, he said he did. We brought both Johnson and Lee together, and at that time he denied knowing Johnson, and he refused to answer any more questions He said, 'I'll answer the rest of the questions—'"

■ Appellant had been talking with the officer. When his accomplice was brought into the room, he refused to answer any more questions. The testifying officer simply explained what happened and related the course of the conversation until its termination. A similar situation was before the court in *U. S. v. Haro-Portillo,* 531 F.2d 962 (9th Cir. 1976), and that court stated:

"When the contraband was discovered appellant was arrested and informed of his rights both in English and in Spanish. Thereafter, Agent Hatch of the Drug Enforcement Administration had a conversation with appellant about the case. When questioned by the prosecuting attorney about this conversation, the agent came to a point at which he said the appellant would not answer further questions; the defense then moved for a mistrial which was denied. We think this was properly so. Appellant's reliance upon *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) is not persuasive. There the comment was upon the defendant's failure to testify which comment was held to violate the defendant's Fifth Amendment rights. Here the appellant voluntarily talked to the agent for a time after which he refused to answer any more questions. The agent simply explained what happened and related the conversation until it was terminated. No violation of appellant's

rights occurred in this testimony and the denial of the motion for a mistrial was correct." *U. S. v. Haro-Portillo,* 531 F.2d at 963.

The denial of the motion for a mistrial in this case was correct.

■ Appellant alleges his Fifth Amendment rights were violated a second time during the prosecutor's argument to the jury.

"One other thing that I should point out along that line. The only evidence that has been presented to you is the evidence that has been presented by the state. *Has there been evidence presented by the defendant?* Anything about fingerprints? About Mr. Garcia being wrong? Has there been any evidence presented by ballistics? Mr. Haag when he testified? Has there been any evidence at all presented by Mr. Haag that was wrong? The only evidence presented on the fingerprints are insinuations, conjecture, again holding a red herring here to try to distract your attention from the evidence that is before you." (Emphasis added.)

The prosecutor may not comment on the failure of the defendant to testify. *State v. Rhodes,* 110 Ariz. 237, 517 P.2d 507 (1973); *Griffin v. California, supra.*

■ In *State v. Acosta,* 101 Ariz. 127, 416 P.2d 560 (1966) this court adopted the following test to resolve the issue of which comments by the prosecution are objectionable:

" '* * * It is only objectionable to comment on the failure of defendant personally to testify; a comment that certain facts brought out by the prosecution are uncontradicted is not objectionable. The true test is, was the reference calculated or intended to direct the attention of the jury to the defendant's neglect to avail himself of his right? * * *' " 101 Ariz. at 129, 416 P.2d at 562, *quoting* 1 Underhill, Criminal Evidence 323 (5th ed. 1956)

Although the quoted statement referred directly to the defendant, we are satisfied that it was made within permissible bounds.

Because it focused on the state of evidence before the jury it was not an improper reference to appellant's failure to testify. Similar comments by the prosecutor have been held proper. *State v. Adair,* 106 Ariz. 58, 470 P.2d 671 (1970); *State v. Pierson,* 102 Ariz. 90, 425 P.2d 115 (1967).

### C.

In his third claim, appellant challenges the constitutionality of the death penalty and Arizona's death penalty statute, A.R.S. § 13–454. The federal Supreme Court has declared that the imposition of the death penalty for the crime of murder does not, under all circumstances, violate the Eighth and Fourteenth Amendments of the United States Constitution. *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). The Florida statute which is very similar to our statute has been held to be constitutional. *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). The reasoning in *Proffitt* is equally applicable to our statute, and we hold that A.R.S. § 13–454 is constitutional.

### D.

Appellant's final claim concerns the nature of the evidence considered by the court at the sentencing hearing conducted pursuant to A.R.S. § 13–454. At that hearing the court took judicial notice of appellant's prior convictions and admitted inculpatory evidence which it had excluded at trial.

At the sentencing hearing the prosecutor, in attempting to prove an aggravating circumstance, asked the trial court to take judicial notice of its own record in Maricopa County Criminal Cause No. CR 81617, a conviction for armed robbery. Although given an opportunity to object, defense counsel did not object to the request of the prosecutor. The trial judge took judicial notice of Cause No. CR 81617.

In the special verdict which it rendered pursuant to A.R.S. § 13–454(C), the trial court determined that the first two aggravating circumstances, A.R.S. § 13–454(E)(1) and (2), were established because appellant had been convicted of two previous crimes, Armed Robbery and Assault with a Deadly Weapon. The court cited Maricopa County Criminal Cause No. CR 81617 to support its finding of the Armed Robbery conviction, but did not disclose the source of the other conviction.

Maricopa County Criminal Cause No. CR 81617 was a case in which the appellant was convicted of armed robbery. The conviction had taken place approximately two months prior to the sentencing hearing in this case. The trial judge in this case was also the judge who found the appellant guilty in Cause No. CR 81617.

There is nothing in the record which supports the trial judge's finding that the appellant had been convicted of the offense, Assault with a Deadly Weapon. Appellant in his testimony mentioned that he had been to "the joint" and that he had been convicted of an assault. This is the most that can be found in the record.

Apparently the trial court found reference to a previous conviction in the file for Cause No. CR 81617, the armed robbery conviction. An allegation of a prior conviction had been added to that charge. The prior conviction alleged was an Assault with a Deadly Weapon which occurred in Maricopa County on February 11, 1971. There is an indication that the trial judge also made use of the presentence report as a source of his information.

There is insufficient evidence to support the trial court's finding a conviction for Assault with a Deadly Weapon. We do not approve the procedure of asking the court to take judicial notice of a conviction for the purpose of establishing such a conviction as an aggravating circumstance. The proper procedure to establish the prior conviction is for the state to offer in evidence a certified copy of the conviction pursuant to Rule 19.3(a), Rules of Criminal Procedure, 17 A.R.S. and Rule 44(g)(1), Rules of Civil Procedure, 16 A.R.S. and establish the defendant as the person to whom the document refers. *See State v. McGuire,* 113 Ariz. 372, 555 P.2d 330 (1976);

*State v. Biscoe,* 112 Ariz. 98, 537 P.2d 968 (1975).

The inculpatory evidence, which the court excluded at trial but admitted at the sentencing hearing, was testimony by a police officer about appellant's admissions to him. Subsequent to the interrogation discussed in Part B of this opinion counsel was appointed for appellant. Shortly thereafter the police initiated another interview. When advised of his rights appellant replied that his attorney had told him not to answer any questions. Nonetheless the testifying police officer continued to talk with appellant and told him of the progress being made in the investigation. At length, appellant was persuaded to make certain admissions which the prosecution then attempted to introduce into evidence.

█ Appellant's statements were a product of the subtle compulsion warned against in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Recently the Supreme Court concluded that the admissibility of statements obtained after a person in custody has decided to remain silent depends, under *Miranda,* on whether his "right to cut off questioning" had been "scrupulously honored." *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Police tactics in the instant case are similar to those of which

we disapproved in *State v. Sauve,* 112 Ariz. 576, 544 P.2d 1091 (1976). The statement was not admissible at trial. Because the admissibility of evidence relevant to any of the aggravating circumstances is governed by the rules governing the admission of evidence in criminal trials, A.R.S. § 13–454(B), appellant's statements were not admissible at the sentencing hearing.

█ In addition to the irregularities noted above there is an additional reason why the sentence must be set aside. Subsequent to the sentencing hearing, the Armed Robbery conviction, which was the basis for one of the aggravating circumstances, was reversed. *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975).

The conviction of the appellant is affirmed, but the sentence imposed is set aside, and the case is remanded to the trial court for a new sentencing hearing pursuant to A.R.S. § 13–454.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.