681 P.2d 382

**STATE of Arizona, Appellee,**

v.

**George Michael HAUSS, Appellant.**

**No. 6094–PR.**

Supreme Court of Arizona,
In Banc.

May 3, 1984.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Div., Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender, Susan A. Kettlewell, Asst. Public Defender, Tucson, for appellant.

GORDON, Vice Chief Justice:

On September 16, 1982, appellant George Michael Hauss was found guilty by a jury of second degree burglary and theft of property valued at more than $100. Following these findings of guilt, the state sought to prove allegations of two prior felony convictions. To that end, it called the probation officer who had prepared a presentence report in connection with the prior convictions. Based solely on his personal knowledge without reference to an official record, the probation officer testified that he had been present in court when

the prior judgments of guilt were entered and sentences imposed, and that the appellant was the person so adjudged and sentenced. Appellant's objections to the introduction of the testimony were overruled. The jury found that the appellant had been convicted as alleged and the court sentenced him accordingly.

In a memorandum decision, the Court of Appeals rejected appellant's claims of error and affirmed the judgments and convictions. We approve of the Court of Appeals' disposition of appellant's claim of prosecutorial misconduct. Review was granted to consider the sufficiency of the state's proof of the prior convictions and to set forth standards for trial courts to follow in the future. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Crim.P. 31.19.

█ On appeal, appellant argued that the prior convictions were not sufficiently established and, therefore, could not be used to enhance his sentence. He claimed that prior convictions cannot be found absent written documentation. The Court of Appeals disagreed. It held that the probation officer's testimony was "ample" to establish appellant's identity as well as the fact of the prior convictions. Because we find that the proffered testimony sufficiently established the prior convictions in this case, we decline to modify appellant's sentence. We do not, however, approve of the method employed as a substitute for the proof we have generally required in the past.

█ In *State v. Lee*, 114 Ariz. 101, 105–106, 559 P.2d 657, 661–62 (1976), we held that:

> "The proper procedure to establish the prior conviction is for the state to offer in evidence a certified copy of the conviction [rules omitted] * * * and establish the defendant as the person to whom the document refers. *See State v. McGuire*, 113 Ariz. 372, 555 P.2d 330 (1976); *State*

*v. Biscoe*, 112 Ariz. 98, 537 P.2d 968 (1975)."

We affirm our holding in *Lee* subject to two very limited exceptions. First, a former conviction may be sufficiently established by an accused's admission of the conviction while testifying in court, *State v. Pacheco*, 121 Ariz. 88, 588 P.2d 830 (1978). Second, the documentation requirement will be excused where the state can show that its earnest and diligent attempts to procure the necessary documentation were unsuccessful for reasons beyond its control and that the evidence introduced in its stead is highly reliable. The *Lee* procedure is necessary to ensure that proceedings to determine the existence of prior convictions do not become credibility contests between, for instance, probation officers and defendants convicted of the principal offense. In addition to imposing an unnecessary burden on the court, contests of this sort are likely to be unfair to defendants as it is not difficult to predict how juries would resolve them. With respect to the exceptions, the first is justified by judicial economy; there is no need to prove a prior conviction by extrinsic evidence where the accused has, under oath, admitted it. The second exception is justified by both judicial economy and the practical realities of our bureaucratic structure; administrative delays in furnishing certified copies of minute entries and ministerial misunderstandings must not be used to delay disposition of criminal cases where there is highly reliable non-documentary evidence that substantiates allegations of prior convictions.[1]

Though this Court has emphasized the importance of documentary evidence in order to prove prior convictions, *see Lee, supra; McGuire, supra; Biscoe, supra*, we have not mandated its introduction as we now do. Because the evidence presented in the instant case—testimony by the probation officer who had prepared a presentence report on appellant at the time of the

---

1. It is clear that testimonial evidence that a defendant is the person named in the prior convictions satisfies the second requirement of the *Lee* procedure. *See* Annot., 11 A.L.R.2d 870 (1950). What is at issue here is the sufficiency of testimonial evidence to establish that the defendant has, in fact, been previously convicted as alleged.

earlier convictions and had been present at the time judgments were entered and sentences imposed—was highly reliable, and because the prior convictions arose out of the same indictment as the instant conviction and were entered only twenty days earlier, we are satisfied that the fact of the prior convictions was sufficiently established. Therefore, we will not modify the sentences imposed. In the future, however, we will not, and trial courts must not, consider the reliability and sufficiency of non-documentary evidence offered to establish the fact of a prior conviction absent a showing by the state that its earnest and diligent efforts to obtain documentary evidence were unsuccessful for reasons beyond its control.

The memorandum decision of the Court of Appeals is approved as modified; the judgments and sentences are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.