710 P.2d 440

**STATE of Arizona, Appellee,**

v.

**Pedro Dolz AVILA, Appellant.**

No. 6404.

Supreme Court of Arizona,
In Banc.

Dec. 4, 1985.

332

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

James D. Himelic, Tucson, for appellant.

CAMERON, Justice.

The defendant, Pedro Dolz Avila, was convicted by a jury of armed robbery, A.R.S. § 13–1904; aggravated robbery, A.R.S. § 13–1903; and conspiracy to commit armed robbery, A.R.S. § 13–1003. The defendant was sentenced to life imprisonment on each charge and he appeals. We have jurisdiction pursuant to art. 6, § 5(3) of the Arizona Constitution and A.R.S. §§ 13–4031, –4035.

The issues to be resolved on review are:

1. Did the court of appeals have jurisdiction to hear the defendant's original appeal and to modify his sentence to life imprisonment?

2. Was it a violation of defendant's right against double jeopardy to increase his sentence to life imprisonment for the armed robbery conviction?

3. Did the court of appeals err in increasing to life imprisonment defendant's sentences for aggravated robbery, and conspiracy to commit armed robbery?

4. Did the trial court err in failing to direct a verdict of acquittal on the charge of conspiracy to commit armed robbery?

5. Did the trial court err in charging the jury by:

a. failing to instruct the jury on accomplice liability;

b. giving an incomplete instruction on the charge of conspiracy?

6. Did the trial court err in resentencing the defendant pursuant to A.R.S. § 13–604.02? [1]

The facts follow. In the early morning of June 6, 1983, defendant and his two accomplices, Henry Congress and Louis Jordan, entered a convenience market in Tucson. The three men spread out around the store. Congress motioned for one of the clerks, Anthony Lumpkins, to come over by him so he could tell him something

1. At the time of the crime and the trial, this statute was numbered § 13–604.01.

in confidence. Lumpkins, noting Congress' nervous demeanor, replied that he could talk to him from where he was standing. Defendant then pulled a gun on Lumpkins. Simultaneously, Jordan went around the counter and grabbed the other clerk, Janet Phillips, by the arm. Jordan and defendant exchanged looks, and said something to each other. Jordan told Phillips to get the money for him, and pulled her over to the cash register. As she was giving the money to Jordan, defendant suddenly fired the gun into the ceiling. Quickly, Jordan jumped over the store counter, without bothering to take the rest of the money. Defendant and his cohorts then ran from the store together.

Shortly thereafter, defendant, Congress and Jordan were spotted in the general vicinity of the store. When police attempted to talk to them, all three men fled. Defendant was apprehended and taken back to the store, where both Lumpkins and Phillips positively identified him as the man firing the gun during the robbery. Jordan was apprehended with money from the cash register still in his pocket.

The defendant was tried and convicted on all three charges.

The trial court, after finding that the defendant used a deadly weapon in connection with the armed robbery and was on "a form of release" from the Department of Corrections, sentenced defendant to twelve and a half (12.5) years on the armed robbery conviction, nine and a half (9.5) years on the aggravated robbery conviction, and ten and a half (10.5) years on the conspiracy conviction, all to run concurrently. A.R.S. §§ 13–604, –708. On appeal by the defendant and cross appeal by the state, the court of appeals found, as the state contended, that the trial court erred in not sentencing the defendant to life imprisonment pursuant to A.R.S. § 13–604.01 (now § 13–604.02). The court of appeals then went on to dispose of the issues raised by the defendant affirming the convictions but setting aside the sentence stating, "[t]he three sentences are modified to concurrent life sentences and as modified are af-

firmed." *State v. Avila,* 141 Ariz. 325, 686 P.2d 1295 (App.1984).

The matter was returned to the trial court where the judge in resentencing stated:

The matter was considered by Division Two of the Court of Appeals in 2 CA–CR 3286, and this division of the Court of Appeals handed down a remand or a mandate that the sentence given on October 7th, 1983, in all three charges be increased to concurrent life sentences.

The trial court also notified defendant of his right to appeal which appeal was perfected to this court.

## JURISDICTION OF THE COURT OF APPEALS

■ The court of appeals is a legislative court and has only such jurisdiction specifically given it by statute. *State v. Mileham,* 1 Ariz.App. 67, 399 P.2d 688 (1965). A.R.S. § 12–120.21 reads:

A. The court of appeals shall have:

1. Appellate jurisdiction in all actions and proceedings * * * except criminal actions involving crimes for which a sentence of death or life imprisonment has actually been imposed.

A.R.S. § 12–120.22 also provides:

B. No case, appeal or petition for writ brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court or division, but it shall be transferred to the proper court or division.

Defendant argues that the court of appeals did not have jurisdiction to modify his sentence to life imprisonment. Defendant concedes that the court of appeals originally had jurisdiction because a life sentence was not actually imposed. A.R.S. § 12–120.21. He contends, however, that once the court of appeals determined that a life sentence should have been imposed that it should have transferred the case to this court. We agree.

■ The court of appeals like any court should on its own motion consider its juris-

diction. *State v. Cuzick,* 5 Ariz.App. 498, 428 P.2d 443 (1967). "It is the first duty of any court to determine whether it has jurisdiction in the case". *In Re Appeal in Maricopa County, Juvenile Action No. A–27789,* 140 Ariz. 27, 30, 680 P.2d 163, 166 (App.1983), "Jurisdiction cannot be waived and may be raised at any stage of the proceeding". *Bruce v. State,* 126 Ariz. 271, 272, 614 P.2d 813, 814 (1980).

In the instant case, once the court of appeals determined that life imprisonment was the proper penalty, it lacked jurisdiction to proceed further. It, therefore, should have transferred the matter to this court for further proceedings. A.R.S. § 12–120.22. Since the court of appeals had no jurisdiction to determine the other issues raised on appeal after it determined that the penalty of life imprisonment was mandatory, the court's opinion on the merits is of no force and effect. As we have noted:

> Defendant was convicted of one count of burglary, second degree, former A.R.S. § 13–302, and one count of grand theft, former A.R.S. § 13–661, and received concurrent sentences of twenty years to life for the burglary, and nine to ten years for the grand theft. The defendant unsuccessfully appealed the convictions and sentences to the Court of Appeals, Division Two, 125 Ariz. 51, 607 P.2d 34 (App.1980). Defendant petitioned this court for a delayed appeal, and for review of his post conviction petition pursuant to Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S. We granted defendant's petition because the Court of Appeals lacked jurisdiction to consider the appeal since the penalty actually imposed was life imprisonment, and exclusive appellate jurisdiction lies in this court. A.R.S. §§ 12–120.21(A)(1) and 13–4031. See also Arizona Constitution, Article 6, Section 5(3).

*State v. Bernal,* 137 Ariz. 421, 422, 671 P.2d 399, 400 (1983). In taking jurisdiction as we did in *Bernal, supra,* we impliedly overruled any statements to the contrary in *State v. Howell,* 107 Ariz. 300, 486 P.2d 782 (1971). There is, however, no harm done. The matter was returned to the trial court which had jurisdiction and where the defendant was resentenced. He then was allowed to appeal to this court raising in addition to the double jeopardy issue, all matters previously raised in his appeal to the court of appeals. It is noted that the defendant also requested a delayed appeal. Since the defendant has been able to raise all the issues he wished in this appeal, he has had in effect, the delayed appeal he requested.

## DOUBLE JEOPARDY

Defendant claims that imposition of a sentence of life imprisonment for the conviction of armed robbery, as mandated by the court of appeals, after he had originally been sentenced to a lesser term, violates his fifth amendment right against double jeopardy, citing *State v. Rumsey,* 136 Ariz. 166, 665 P.2d 48 (1983), affirmed by the United States Supreme Court, in *Arizona v. Rumsey,* 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164, (1984).

In *Rumsey, supra,* a defendant was convicted of first degree murder. Following a separate sentencing hearing, the trial judge entered findings that there were no aggravating or mitigating factors present and, therefore, sentenced the defendant to life imprisonment. This court, on appeal, held that the trial court had misinterpreted the law concerning pecuniary gain as an aggravating factor and thus remanded for a redetermination of aggravating and mitigating circumstances and for resentencing. *State v. Rumsey,* 130 Ariz. 427, 636 P.2d 1209 (1981). The trial court, after a new sentencing hearing, imposed the death penalty. In the second appeal, *Rumsey II,* we held this to be a violation of defendant's double jeopardy rights. 136 Ariz. 166, 665 P.2d 48 (1983).

In *Rumsey II,* we held that the capital sentencing procedure pursuant to A.R.S. § 13–703 was " 'like a trial on the issue of guilt or innocence,' " *State v. Rumsey,* 136 Ariz. at 171, 665 P.2d at 53, quoting *Bullington v. Missouri,* 451 U.S. 430, 444–45,

101 S.Ct. 1852, 1861, 68 L.Ed.2d 270 (1981), and that Rumsey had in effect been acquitted of the aggravating circumstance.

In the instant case we believe the imposition of the more severe penalty avoids the double jeopardy violations of *Rumsey* and *Bullington* for three reasons. First, the trial court did not acquit the defendant on the facts necessary to sentence him to life imprisonment. Instead the trial court made a specific factual finding which under A.R.S. § 13–604.01 required a life sentence. The court then failed to follow the statute and imposed an erroneous sentence. The defendant was never "acquitted" of the facts necessary to impose life imprisonment and, therefore, there is no double jeopardy bar to its imposition.

██ Second, there was no new sentencing hearing. The trial court just restated the sentence pursuant to the mandate of the court of appeals and notified the defendant of his right to appeal.

Third, even if there had been a resentencing hearing, since the hearing is under a different statute, the double jeopardy provision does not apply. We have recently stated that:

> In other words, if a trial court convicts a defendant and that conviction is reversed on appeal for insufficient evidence, then that defendant may not be retried a second time for that same offense. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). This rule has also been extended to capital sentencing hearings that bear the hallmarks of a trial on guilt or innocence. *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981); *Arizona v. Rumsey*, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984). The dispositive inquiry in this case is whether a noncapital sentencing hearing pursuant to A.R.S. § 13–604.01(B) bears the hallmarks of a trial on guilt or innocence. We believe it does not.

When A.R.S. § 13–604.01(B) is invoked, there is a separate sentencing hearing, but we believe that this hearing does not resemble a trial for the purposes of double jeopardy. In making this assessment we look to a number of factors. First, the trial judge alone decides the issue of release status. [footnote omitted]. *State v. Turner*, 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984); *State v. McNair*, 141 Ariz. 475, 485, 687 P.2d 1230, 1240 (1984). While this fact alone is not in any sense dispositive, *cf. Arizona v. Rumsey, supra* at ——, 104 S.Ct. at 2310, 81 L.Ed.2d at 170 (1984), we believe that it, along with the following factors, should be taken into consideration in determining whether a sentencing procedure bears the hallmarks of a trial.

Second, unlike the sentencing procedure in either *Bullington v. Missouri, supra*, or *Arizona v. Rumsey, supra*, sentencing pursuant to A.R.S. § 13–604.01(B) permits the trial judge to exercise sentencing discretion. *See* A.R.S. § 13–604.01(B) (requiring trial judge to sentence defendant to *not less than* presumptive term).

Third, the issue to be decided under A.R.S. § 13–604.01(B) involves only one factual determination: was the defendant on probation, parole, work furlough, or any other form of release at the time he committed the crime? This question typically can be resolved by referring to certified copies of imprisonment records and thus is not, in any sense, like a full-blown trial on guilt or innocence.

Finally, in these sentencing hearings, the standard of proof is not "beyond a reasonable doubt." That standard is the hallmark of a criminal trial. In these hearings, the trial judge's findings need only be supported by reasonable evidence. *State v. Turner, id.* [141 Ariz.] at 475, 687 P.2d at 1230.

We distinguish this type of sentencing hearing from those capital sentencing hearings in which there is a separate and distinct penalty phase, in which there is strictly limited discretion, and in which the *"beyond* a reasonable doubt" standard applies.

*State v. Sowards,* 147 Ariz. 156, 709 P.2d 513 (1985).

We find no violation of double jeopardy clause of the U.S. or Arizona Constitutions. U.S. Const. amend. V; Ariz.Const. art 2, § 10.

## AGGRAVATED ROBBERY, CONSPIRACY SENTENCES

■ Defendant contends, and the state concedes, that the allegation that the crime was committed while armed with a gun was submitted to the jury only on the armed robbery charge. The court of appeals, therefore, erred in modifying defendant's sentence to life imprisonment, under A.R.S. § 13–604.01, as to the aggravated robbery (9.5 yrs) and conspiracy (10.5 yrs) convictions. *State v. Caldera,* 141 Ariz. 634, 637, 688 P.2d 642, 645 (1984). Thus, the life sentences as to those two charges are vacated and the matter returned to the trial court for resentencing.

## DIRECTED VERDICT

■ Both at the close of the state's case and at the close of evidence, the defendant moved for a directed verdict based upon insufficiency of the evidence pursuant to Rule 20, Ariz.R.Crim.P., 17 A.R.S. The motion was renewed after the verdict. The defendant contends that the trial court erred in failing to direct a verdict of acquittal on the charge of conspiracy to commit armed robbery. Further, he argues that the submission of the conspiracy charge to the jury, when it was unsupported, overwhelmed the jury and therefore, requires reversal of his convictions for armed robbery and aggravated robbery. We do not agree.

The elements of a criminal conspiracy are: (1) an unlawful object to be accomplished, (2) a plan or scheme embodying means to accomplish that object, (3) an agreement or understanding between two or more of the defendants whereby they become definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement or by an effectual means and

(4) an overt act, except when the agreement is to commit a felony upon the person of another or to commit arson or burglary.

*State v. Estrada,* 27 Ariz.App. 38, 39, 550 P.2d 1080, 1081 (1976); *see also* A.R.S. § 13–1003(A).

The existence of an unlawful agreement can be inferred from the overt conduct of the parties. *State v. Hall,* 129 Ariz. 589, 633 P.2d 398 (1981). As we have noted in *State v. Estrada, supra,* quoting from *Smith v. United States,* 157 F. 721, 728 (8th Cir.1907):

> If [direct evidence of conspiracy] were necessary, it rarely, if ever, could be proved.... The effects and results of a conspiracy can be observed and proved, but rarely can one get a glimpse or make proof of the secret conferences which inaugurate it. For these manifest reasons proof of a criminal combination to do an unlawful act can rarely be made except by light reflected from its consequences or results.

27 Ariz.App. at 40, 550 P.2d at 1082.

We believe there was sufficient evidence to support the trial court's denial of defendant's motions for judgment of acquittal of the conspiracy charge. Also there was more than sufficient evidence from which the jury could reasonably have found that defendant engaged in a conspiracy with Jordan and Congress to commit an armed robbery.

Defendant, nevertheless, claims that there was no evidence that he and his accomplices had entered into an agreement to commit the robbery prior to its commission. Admittedly, there was no direct evidence of an agreement between defendant and his accomplices to commit a robbery. There was, however, ample circumstantial evidence from which the jury could find that there was such an agreement prior to entering the store. It was apparent that each participant knew what action he was to take after entering the store. There was no conversation, other than a few words, between the three men but it was obvious

that they acted in concert and had agreed to commit the robbery prior to the time they entered the market. We find no error.

## JURY INSTRUCTIONS

Defendant claims reversible error occurred in the charging of the jury. Specifically, he argues that the court failed to give an instruction on accomplice liability, which was required, and that the instruction given on conspiracy was incomplete.

### A. *Failure to instruct on accomplice liability*

■ Defendant contends that his convictions for armed robbery and aggravated robbery should be reversed because the trial court failed to instruct the jury concerning accomplice liability. Defendant notes that: 1) armed robbery requires the taking of property from another person, A.R.S. §§ 13-1902, -1904, which the defendant did not *personally* do, and 2) aggravated robbery requires the finding of one or more accomplices in the robbery, A.R.S. § 13-1903. Thus, defendant argues that without an instruction defining or explaining accomplice liability, the jury was unable to consider properly the evidence as to those two charges.

The robbery was committed through the joint efforts of defendant, Congress and Jordan. Defendant may then be found guilty of armed robbery, on an aiding and abetting theory, even though he did not personally take the money from the store clerk. *State v. Clovis*, 127 Ariz. 75, 618 P.2d 245 (App.1980). The issue, therefore, narrows to whether defendant's convictions must be reversed solely for the failure to instruct the jury on when someone is an accomplice and accordingly liable for the acts of others.

■ We note that neither the defense nor the state requested an instruction on accomplice liability. Nevertheless, a trial court has a duty to instruct on the law relating to the facts of the case when the matter is vital to a proper consideration of the evidence, even if not requested by the

defense and failure to do so constitutes fundamental error. *State v. Evans*, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973); *State v. Price*, 123 Ariz. 197, 199, 598 P.2d 1016, 1018 (App.1979), aff'd in part, rev'd and remanded in part, 123 Ariz. 166, 598 P.2d 985 (1979). This duty applies to the failure to give an instruction accurately defining all the elements of aiding and abetting. *United States v. Bryant*, 461 F.2d 912 (6th Cir.1972).

■ The state concedes that it was error not to instruct the jury on accomplice liability but argues that on the facts, it is not fundamental error. The state contends that the jury was properly instructed on the elements of conspiracy and that finding the defendant guilty on this charge necessarily included finding that he had formed an agreement to commit armed robbery, and that he had the intent to aid in the commission of the crime. Thus, the state concludes that, although the jury was not instructed on accomplice liability, they still impliedly applied its theory and the jury necessarily found the defendant had the requisite intent. We agree.

A person is liable for the acts of another if he is an accomplice of that person in the commission of a crime. A.R.S. § 13-303. An accomplice, by definition, includes someone who with the intent to promote the commission of an offense aids, agrees to aid or attempts to aid another person in planning or committing the offense. A.R.S. § 13-301. This closely parallels what the court said in its instruction on conspiracy, "If the defendant *agreed* with one or more others *to commit armed robbery*, and that agreement was made *with the intent to promote or aid the commission of an armed robbery*, ..." (emphasis added).

It appears that the jury, in finding the defendant guilty of conspiracy, believed that defendant aided others in the planning or commission of the crime with the intent that it be carried out. Thus, the defendant was not prejudiced by the failure of the court to instruct on accomplice liability.

338

Further, we do not believe the jury was unable to understand the meaning of accomplice, based on their own knowledge and experience. We note the comment of the Committee on Uniform Criminal Jury Instructions, "The Committee believes that 'accomplice' is a term of common significance which generally does not require definition." R.A.J.I. 19.03 n. 2.

We find the failure to instruct the jury on accomplice liability was error, but on the facts of the instant case was non-prejudicial.

### B. *Conspiracy instruction*

▮ Defendant argues that the instruction given by the trial court on conspiracy was incomplete and, therefore, requires reversal of his conviction. The court gave an instruction which omitted the requirement that there must be an overt act before defendant could be convicted of conspiracy. Defense counsel objected to the instruction stating: "I oppose the State's only requested instruction, because it is not a complete—it is not a complete, nor is it a thorough explanation of what the law of conspiracy is."

Rule 21.3(c), Arizona Rules of Criminal Procedure, 17 A.R.S. provides:

No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

A defect in instructions to which a defendant does not object will not be subjected to review on appeal unless it rises to the level of fundamental error. *State v. Mincey,* 130 Ariz. 389, 636 P.2d 637 (1981), cert. denied, 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982); *State v. Rybolt,* 133 Ariz. 276, 650 P.2d 1258 (App.1982).

We agree with the state that even though the Appellant voiced a general objection to the court's instruction, his objection did not satisfy the requirement of Rule 21.3 of the Arizona Rules of Criminal Procedure that a party objecting to an instruction must state distinctly the matter to which he objects and the grounds of his objection. *State v. Edgar,* 126 Ariz. 206, 613 P.2d 1262 (1980). Defense counsel failed to inform the trial court that the instruction did not adequately explain to the jury that it was required to find the existence of an overt act before it could convict appellant of conspiracy.

▮ Also, even though the second paragraph of the conspiracy instruction was incomplete because reference to an overt act was omitted and therefore error, we find the error non-prejudicial. The failure to instruct on a necessary element of an offense is not fundamental error where there is no issue as to that element. *State v. Agnew,* 132 Ariz. 567, 647 P.2d 1165 (App.1982). In the present case, there was no question that an overt act had been committed. The jury necessarily found the commission of an overt act when it convicted the defendant of armed robbery. We find no error.

### SENTENCING

▮ Defendant argues that he was improperly sentenced pursuant to A.R.S. § 13–604.01, because the state failed to follow the procedure outlined in *State v. Hauss,* 140 Ariz. 230, 681 P.2d 382 (1984), and *State v. Lee,* 114 Ariz. 101, 559 P.2d 657 (1976), in establishing that the defendant was on release status from a prior conviction. Defendant does not dispute that the state properly established the prior conviction, but instead argues that the state failed to establish that he was on release status from the prior conviction. We do not agree.

The identification requirement of *Hauss* and *Lee, supra,* was complied with in establishing the prior conviction. The court was then shown documentary evidence, concerning the release status of the defendant. The documents came from the Department of Corrections' file on the defendant and were authenticated by the cor-

rectional records supervisor. Due to the confidential nature of the file, these documents, although shown to the court, were not admitted into evidence.

The court, after questioning about these documents, made a specific finding that defendant had committed the instant offense while on mandatory release from his conviction in CR–7320. The finding was supported by the evidence. *State v. Hauss, supra; State v. Lee, supra.* We find no error.

We have reviewed the entire record pursuant to A.R.S. § 13–4035 for fundamental error and have found none.

Defendant's life sentence for armed robbery is affirmed, the life sentences for aggravated robbery and conspiracy are vacated and the matter is remanded to the trial court for resentencing.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.