NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT DAVID PEARSALL, *Appellant.*

No. 1 CA-CR 21-0398
FILED 3-10-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201801375
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

**¶1**　　　　Pearsall appeals his sentence, arguing the superior court erred in finding he had historical prior felony convictions. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　After a jury trial, Pearsall was convicted of attempted first-degree murder and two counts of aggravated assault. At sentencing, the State alleged Pearsall had three historical prior felony convictions and submitted certified court records for three prior cases and a Department of Corrections ("DOC") packet listing Pearsall's name, date of birth, social security number, photograph, and conviction record. Defense counsel did not object and the court admitted the exhibit.

**¶3**　　　　The superior court found the evidence supported the State's allegation of historical prior felony convictions and sentenced Pearsall as a category three repetitive offender. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(C). The court sentenced Pearsall to three concurrent prison terms, the longest of which was 28 years.

**¶4**　　　　We have jurisdiction over Pearsall's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(4).

## DISCUSSION

**¶5**　　　　Pearsall challenges the court's finding that he is the person to whom the conviction records refer. We review the superior court's finding of a historical prior felony conviction *de novo. State v. Rasul*, 216 Ariz. 491, 496, ¶ 20 (App. 2007). Because Pearsall did not object to the State's evidence, we review for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 154 (1991) (holding that the failure to raise an objection in the superior court waives all but fundamental error review). Imposition of an illegal sentence, however, is always fundamental error. *State v. Thues*, 203 Ariz.

339, 350, ¶ 4 (App. 2002) (citation omitted).  Thus, if the court erroneously enhanced Pearsall's sentence, we must vacate his sentence. *Id.*

**¶6**        The State must prove a prior conviction by clear and convincing evidence and admit "positive identification establishing that the accused is the same person who previously was convicted, as well as evidence of the conviction itself." *State v. Cons*, 208 Ariz. 409, 415, ¶¶ 15-16 (App. 2004) (citation omitted).  The proper procedure is for the State to offer a certified copy of the prior conviction and establish that the defendant is the person to whom the document refers. *Id.* at ¶ 16; *State v. Hauss*, 140 Ariz. 230, 231 (1984) (citations omitted) (holding that admission of documentary evidence is mandatory in most cases to prove prior convictions).

**¶7**        Contrary to Pearsall's contention, the State need not call a fingerprint expert, nor any other witness, to testify. *See State v. Solis*, 236 Ariz. 242, 247-49, ¶¶ 17, 20-22 (App. 2014) (holding that DOC record with photographs matching other admitted documents was sufficient and no testimonial evidence was required).  The State sufficiently proved the prior convictions when it submitted the certified court records and Pearsall's DOC packet. *See id.*; *Hauss*, 140 Ariz. at 231.  Pearsall contends the photograph in the DOC packet was outdated and printed in black and white, but he does not dispute that his name, date of birth, criminal record, and social security number matched the information in the certified conviction records.  Notably, Pearsall does not argue that he is not the person who was previously convicted. *See Solis*, 236 Ariz. at 248-49, ¶ 22 (citation omitted).  Pearsall has not shown the court erred in finding he had historical prior felony convictions.

## CONCLUSION

**¶8**        For the reasons stated above, we affirm Pearsall's sentence.

