NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENJAMIN GUADALUPE AGUIRRE, *Appellant.*

No. 1 CA-CR 25-0338

FILED 04-22-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-109995-001
The Honorable Christina Henderson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph E. Begun
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

---

**C A T T A N I**, Judge:

**¶1**        Benjamin Aguirre appeals his conviction and sentence for third-degree burglary, arguing that the superior court erred by failing to sua sponte instruct the jury regarding "mere presence" at a crime scene. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        On February 29, 2024, during the early morning hours, a security analyst monitoring a surveillance camera saw three people on top of a Phoenix parking garage. One of them had a crowbar in his hand and was digging into a concrete barrier. A second person (later identified as Aguirre) was holding a bolt cutter, and the third person had a duffel bag. The security analyst called the Phoenix Police Department, which immediately sent officers to the parking garage.

**¶3**        When the first officer arrived, he saw someone cutting copper wire. Along the building's perimeter, the officer also saw cut copper wire, bolt cutters, a backpack, and a hammer. Another officer found Aguirre in the staircase of the parking garage. Aguirre initially told the officer he had not been on the roof, but he later admitted he had been there briefly. After being arrested and advised of his *Miranda*[1] rights, Aguirre stated that he was offered money to act as a "lookout."

**¶4**        Aguirre was charged with third-degree burglary, a class four felony. After a jury trial, he was convicted as charged, and, because of his prior criminal history, the court sentenced him as a category three repetitive offender to 10 years' imprisonment, with 282 days of presentence incarceration credit. The court also ordered restitution of $7,690 for damage to the parking garage.

---

[1]     *Miranda v. Arizona*, 384 U.S. 436, 468–69 (1966).

**¶5** Aguirre timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

**¶6** Aguirre's sole argument on appeal is that the court erred by not, sua sponte, instructing the jury on mere presence for the burglary charge. Because Aguirre did not request such an instruction at trial, we review for fundamental, prejudicial error. *See* Ariz. R. Crim. P. 21.3(b); *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005); *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Fundamental error "takes away a right that is essential to [the defendant's] defense, and is of such magnitude that he could not have received a fair trial." *Henderson*, 210 Ariz. at 568, ¶ 24. As applicable here, an error causes prejudice if the "jury could have plausibly and intelligently returned a different verdict." *Escalante*, 245 Ariz. at 144, ¶ 31.

**¶7** The Revised Arizona Jury Instruction for "mere presence" provides:

> Guilt cannot be established by the defendant's mere presence at a crime scene, mere association with another person at a crime scene or mere knowledge that a crime is being committed. The fact that the defendant may have been present, or knew that a crime was being committed, does not in and of itself make the defendant guilty of the crime charged. One who is merely present is a passive observer who lacked criminal intent and did not participate in the crime.

Rev. Ariz. Jury Instr. Stand. Crim. 43 (6th ed. 2022).

**¶8** Aguirre does not point to any case in which a court has found the failure to sua sponte instruct on "mere presence" to be fundamental error, and we are unaware of any. When jurors are properly instructed on the elements of burglary, which include an "intent to commit any theft or any felony," a "mere presence" instruction is arguably redundant. *See* A.R.S. § 13-1506(A)(1). So too, when jurors are instructed on accomplice liability, including that a defendant must have aided another "with the intent to promote or facilitate the commission of an offense," the express intent requirement, again, arguably renders a "mere presence" instruction redundant. *See* A.R.S. § 13-301(2).

**¶9** Aguirre asserts that he was merely present at the garage and that there was no evidence that he had the intent to steal. He argues that,

had a "mere presence" instruction been given, the jurors would not have found him guilty because they would have understood the difference between a "passive observer" and an "active participant."

¶10 Aguirre's argument fails because the instructions given correctly and adequately stated the law. *See State v. Avila*, 147 Ariz. 330, 337 (1985); *see also State v. Brown*, 258 Ariz. 270, 274, ¶ 17 (App. 2024). The jurors were instructed (1) to start with the presumption Aguirre was innocent; (2) that the State had the burden of proving each element of each charge beyond a reasonable doubt; (3) on the required elements of burglary, including the requirement that the defendant "enter[] or remain[] unlawfully in or on a non-residential structure" "with the intent to commit any theft or felony therein," *see* A.R.S. § 13-1506(A)(1); and (4) on accomplice liability, including that to be an accomplice, the defendant must, "with the intent to promote or facilitate the commission of the offense, . . . aid[], counsel[], agree[] to aid . . . another person in . . . committing the offense," *see* A.R.S. § 13-301(2).

¶11 Moreover, defense counsel told the jurors during his opening statement that Aguirre did not deny being present at the scene, but "just because you're there, doesn't automatically make you guilty of a crime." And during closing argument, defense counsel reiterated that "presence is not participation." That argument was consistent with the instructions given, which made clear that the State was required to prove Aguirre *intended* to commit burglary or aid someone committing burglary.

¶12 Because the instructions given correctly and adequately stated the law, Aguirre has not established that failing to sua sponte instruct the jury on mere presence resulted in fundamental, prejudicial error.

**CONCLUSION**

¶13 We affirm Aguirre's conviction and sentence.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR

4