NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

STEVEN JOHN MEDINA,
*Appellant.*

No. 1 CA-CR 14-0742
FILED 2-9-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-101550-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

**¶1**　　　　Steven John Medina appeals his conviction and the resulting sentence for sale or transportation of marijuana, a class two felony. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Medina's counsel filed a brief indicating he searched the entire record, found no arguable question of law that was not frivolous and asked this court to review the record for fundamental error. Medina was afforded the opportunity to file a supplemental brief in propria persona, but he has not done so. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　On the evening of January 9, 2014 in Gila Bend, Maricopa County Sheriff's Deputy Sikahema stopped a vehicle being driven by Medina for invalid license plates. When he approached the vehicle, Deputy Sikahema saw bales in the backseat of Medina's vehicle and could smell marijuana. The bales were packaged in burlap sacks with shoulder straps.

**¶3**　　　　Two other men were also in Medina's vehicle. The men were dressed in camouflage with carpets on their feet. Deputy Sikahema testified that backpackers typically dress in this manner when they carry marijuana through the desert so that law enforcement cannot track them. Deputy Sikahema placed Medina into custody and officers transported Medina and the bales to the Gila Bend substation. The bales weighed 195 pounds and samples tested positive for marijuana. The marijuana was worth between $97,500 and $156,000.

**¶4**　　　　Medina was charged with one count of knowingly selling or transporting an amount of marijuana having a weight of more than two pounds, a class two felony. At trial, Medina testified that he pulled over to check his oil when the two men came out of the brush beside the road and asked if Medina was driving to Phoenix. Medina offered to take them to Gila Bend, so the two men loaded their belongings into Medina's vehicle. Medina testified that he did not help them load the belongings, did not see

their belongings, and only noticed the smell of mesquite or sagebrush. The men did not tell Medina that they had marijuana and Medina did not expect to be paid for driving the men and their possessions.

**¶5**        Deputy Sikahema testified that he did not see the bales being placed into Medina's car. He testified, however, that based on his knowledge and experience backpackers carry marijuana across the border through the desert, then wait for a vehicle on the side of the highway and load the vehicle with the marijuana. The vehicle then transports the marijuana to Phoenix or other areas. In over two years of patrolling the Gila Bend area, Deputy Sikahema had never heard of people being duped into carrying drugs. Deputy Sikahema also testified that it was not common for backpackers carrying marijuana to catch a ride with an unknown car that might stop.

**¶6**        The jury found Medina guilty of sale or transportation of marijuana and the marijuana weighed two or more pounds. The jury also found an aggravating factor—that Medina committed the crime for pecuniary gain. Before sentencing, the trial court found that Medina had one prior historical felony in Idaho for aggravated assault using a firearm. The trial court sentenced Medina to twelve years' imprisonment and credited him with 263 days of presentence incarceration. Medina timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2015).[1] Finding no reversible error, we affirm.

## DISCUSSION

**¶7**        We review the sufficiency of evidence "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552 (1981). All reasonable inferences are resolved against the defendant. *Id.* A reversal of a conviction based on insufficiency of evidence requires a clear showing that there was not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (noting that it is the jury's function, not the court of appeals, to weigh the evidence and determine credibility).

**¶8**        Under A.R.S. § 13-3405.A.4, a person "shall not knowingly . . . [t]ransport for sale, import into this state or offer to transport for sale or

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

import into this state, sell, transfer or offer to sell or transfer marijuana." A violation of this statute "involving an amount of marijuana having a weight of two pounds or more is guilty of a class 2 felony." A.R.S. § 13-3405.B.11. Under A.R.S. § 13-701.D.6, the jury must determine and the court must consider as an aggravating factor whether "[t]he defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value."

¶9        The State presented sufficient evidence to support the jury's verdict. The smell of the 195 pounds of marijuana in Medina's vehicle, its packaging in bales with shoulder straps, the appearance of the two men in camouflage with carpet on their feet, and Deputy Sikahema's testimony regarding drug smuggling patterns near Gila Bend, provided sufficient evidence to support the jury's verdict. Sufficient evidence also supported the jury's finding that Medina sought or expected pecuniary gain.

¶10        At sentencing, the court found that Medina had one historical prior felony conviction that qualified under A.R.S. § 13-105.22(a)(i) and (f). "The proper procedure to establish the prior conviction is for the state to offer in evidence a certified copy of the conviction . . . and establish the defendant as the person to whom the document refers." *State v. Hauss*, 140 Ariz. 230, 231 (1984) (quoting *State v. Lee*, 114 Ariz. 101, 105-06 (1976)). Here, the State presented a certified copy of Medina's Idaho conviction and established through testimony that Medina was in fact the defendant in the Idaho case.

¶11        Because of the prior historical felony and the jury's finding of an aggravating factor, Medina was a category two repetitive offender under A.R.S. § 13-703.B, with one aggravating factor under A.R.S. § 13-701.D.6. Therefore, pursuant to A.R.S. § 13-703.I, Medina's presumptive sentence was 9.25 years, with a maximum aggravated term of twenty-three years. The trial court sentenced Medina to twelve years' imprisonment, which falls within the permitted range under A.R.S. § 13-703.I. The trial court also credited Medina with 263 days of presentence incarceration. Because the trial court properly calculated Medina's sentence and credited him the correct number of days, the sentence was legal.

¶12        In addition to the sentence of imprisonment, the trial court fined Medina $150,000. Under A.R.S. § 13-3405.D, the court shall order a person convicted of violating any provision of A.R.S. § 13-3405 to pay a fine "not less than seven hundred fifty dollars or three times the value as determined by the court of the marijuana involved in or giving rise to the charge, whichever is greater," but not more than $150,000. The minimum

value of the marijuana here was estimated at $97,500. Therefore, the fine imposed by the trial court was proper.

**CONCLUSION**

**¶13**      We have read and considered counsel's brief. We have carefully searched the entire appellate record for reversible error and have found none. *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. We find substantial evidence supported the jury's guilty verdict. Medina was represented by counsel at all critical stages of the proceedings. At sentencing, Medina and his counsel were given an opportunity to speak, and the court imposed a legal sentence and fine. For the foregoing reasons, Medina's conviction, sentence and fine are affirmed.

**¶14**      Counsel's obligations pertaining to Medina's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Medina of the status of the appeal and his future options, unless Counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id*. at 585. Medina shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

**¶15**      For the foregoing reasons, we affirm Medina's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama