IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEAN JACOB BROWN, *Appellant.*

No. 1 CA-CR 23-0123

FILED 09-10-2024

Appeal from the Superior Court in Maricopa County
No.  CR2022-116166-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

Grand Canyon Law Group, Mesa
By Eva R. Fa'alogo, Angela Poliquin
*Counsel for Appellant*

_____

**OPINION**

_____

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Jennifer B. Campbell joined and Judge Michael J. Brown specially concurred.

_____

**T H U M M A**, Judge:

¶1        Defendant Dean Brown appeals from his convictions and resulting sentences for aggravated assault, disorderly conduct and possession or use of dangerous drugs. Brown argues the superior court erred in failing to give a self-defense justification jury instruction even though he never requested such an instruction. Because Brown has shown no error, his convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        One evening in May 2022, the victim visited his father's apartment in Mesa. The victim's father shared the apartment with Brown and others. The victim and his father saw Brown holding a machete, standing on the roof of the apartment complex. Brown began "mumbling something about his dad" and got off the roof.

¶3        Still holding the machete, Brown followed the victim and his father into the apartment and stood in the doorway of the father's bedroom. The victim testified that Brown was "waving" the machete and "faked" swinging it at him. After sitting down, the victim felt something strike him in the back of the neck, causing him to fall. Brown was holding the machete in the air and attacked the victim. The victim suffered a laceration on his neck and received medical care at a nearby hospital. When Brown was arrested, police found "a white crystal rocklike substance" in his pants, which later tested positive for methamphetamine.

¶4        As relevant here, Brown was charged with aggravated assault, a Class 3 dangerous felony; three counts of disorderly conduct, Class 6 dangerous felonies; and one count of possession or use of dangerous drugs, a Class 4 dangerous felony.

¶5        In a pretrial disclosure, Brown stated he "may" raise nearly two dozen possible defenses at trial, including self-defense and justification. The disclosure added, however, that it was "too early in the proceedings" to provide a complete list, noting "[a] more specific list may be provided as the case progresses." Brown, however, never provided a more specific list of defenses he intended to pursue at trial. In fact, Brown never argued or mentioned self-defense or justification after that initial disclosure. In their joint pretrial statement, the parties noted that any requested jury instructions "will be submitted to the trial court judge at the beginning of trial, if needed." Brown did not request or submit a self-defense or justification jury instruction.

¶6        At a five-day jury trial in January 2023, the victim, his father, various police officers and others testified in the State's case in chief. After the State rested, Brown elected to testify on his own behalf, as was his right. Brown testified that his interaction with the victim and the victim's father was "like an interrogation." He added that while all three were in the bedroom, the victim's father "reached into [a] drawer" and Brown saw a "firearm in his hand." After seeing the gun, Brown "tried to leave the room" but got into a "struggle" with the victim. Brown claimed that, during the struggle, he and the victim were both trying to gain control of the machete, which was on the ground. Brown added the victim "lung[ed]" at him and, in response, he instinctively "swung the machete and it hit" the victim. Brown testified that he "felt like [he] needed to defend" himself and that he "had nowhere to go."

¶7        The court reviewed final jury instructions with the parties several times. At no point did Brown's counsel request or mention a self-defense or justification jury instruction. In closing arguments, Brown's counsel did not argue self-defense or justification, focusing instead on witness credibility, the burden of proof and the sufficiency of the evidence.

¶8        During deliberations, the jury submitted a question asking, "what are the laws on self-defense?" Even then, Brown's counsel did not argue self-defense or justification. Instead, when addressing the question with the court, Brown's counsel stated, "we didn't put any of that in the instruction." The court agreed, noting "[n]o self-defense instruction was requested or given. My proposed answer is, the final jury instructions contain all of the legal principles that pertain to your deliberations in this matter. Any legal principles not contained in the final jury instructions would not be relevant to your deliberations in this case and should not be considered by you." Brown's counsel responded: "That works for me." The court then provided the proposed answer to the jury.

**¶9**         After further deliberations, the jury found Brown guilty of aggravated assault, one count of disorderly conduct and possession or use of dangerous drugs. The jury found Brown not guilty of the other two disorderly conduct charges. The jury then found the State had proven beyond a reasonable doubt that the aggravated assault both involved the infliction or threatened infliction of serious physical injury and caused physical, emotional or financial harm to the victim.

**¶10**         Given Brown's prior criminal history, the court sentenced him as a Category 3 repetitive offender to three concurrent prison terms: (1) 20 years for aggravated assault, the maximum term; (2) 3.75 years for disorderly conduct, the presumptive term and (3) 10 years for possession or use of dangerous drugs, the presumptive term. The court properly awarded Brown 303 days of presentence incarceration credit. This court has jurisdiction over Brown's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A) (2024).[1]

## DISCUSSION

**¶11**         Brown argues the superior court erred by not, on its own motion, instructing the jury on the self-defense justification under A.R.S. § 13-404 for the aggravated assault charge. Brown never requested such an instruction, did not object when no such instruction was given and disavowed relying on self-defense when responding to the jury's question. As a result, this court's review on appeal is for fundamental error resulting in prejudice. Ariz. R. Crim. P. 21.3(b); *State v. Escalante,* 245 Ariz. 135, 142 ¶ 21 (2018). Brown has the burden to establish that (1) error occurred, (2) the error was fundamental and (3) the error caused him prejudice. *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citing cases). On this record, Brown has shown no error.

**¶12**         "[I]f the case is tried to a jury, the trial court must give a self-defense instruction, if requested and supported by . . . the slightest evidence." *State v. Carson*, 243 Ariz. 463, 467 ¶ 16 (2018). Had Brown requested a self-defense justification jury instruction, the trial court would have been required to give it recognizing Brown's testimony certainly provided "the 'slightest evidence'" that he acted in self defense. *Carson*, 243 Ariz. at 467 ¶ 16-17. Because Brown made no such request, the question is

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

whether the court had an obligation to give such an instruction on its own motion.

¶13       The parties cite no Arizona case holding that a superior court has a duty, on its own motion, to instruct the jury on potentially applicable justification defenses. The briefs on appeal address two Arizona Supreme Court directives on the issue, coming from *State v. Avila*, 147 Ariz. 330 (1985) and then *State v. Gendron*, 168 Ariz. 153, 154 (1991). Each case merits discussion.

### A.       *State v. Avila.*

¶14       In *Avila*, the defendant and two accomplices were convicted of various offenses arising out of their robbery of a convenience store, even though no accomplice liability jury instruction was requested or given. 147 Ariz. 330, 332-33 (1985). On appeal, the defendant argued his robbery convictions had to be vacated given "the failure to instruct the jury on when someone is an accomplice and accordingly liable for the acts of others." 147 Ariz. at 332, 337. *Avila* held the failure to give an accomplice liability jury instruction on the court's own motion "was error, but on the facts" presented "was non-prejudicial." *Id.* at 338. *Avila* explained:

> a trial court has a duty to instruct on the law relating to the facts of the case when the matter is vital to a proper consideration of the evidence, even if not requested by the defense and failure to do so constitutes fundamental error. This duty applies to the failure to give an instruction accurately defining all the elements of aiding and abetting.

*Id.* at 337 (citing *State v. Evans*, 109 Ariz. 491, 493 (1973); *State v. Price*, 123 Ariz. 197, 199 (App. 1979), *aff'd in part, rev'd and remanded in part*, 123 Ariz. 166 (1979) and *United States v. Bryant*, 461 F.2d 912 (6th Cir. 1972)).

¶15       The cases *Avila* cited involved claims that the trial court failed to properly instruct the jury on an element of a charged offense, not a defense or justification. *See Evans*, 109 Ariz. at 492-93 ("[g]enerally, the failure to give an instruction which has not been requested is not error;" noting trial court's failure to instruct the jury of "a necessary element of robbery" was not fundamental error on the facts presented); *Price*, 123 Ariz. at 199 (where State charged defendant "was an aider and abettor," reversing conviction because jury instruction did not accurately define elements of aiding and abetting); *Bryant*, 461 F.2d at 920, 921 ("we agree

with appellant that the jury instruction on aiding and abetting was 'grossly inadequate' . . . 'It is a grave error to submit the case without accurately defining the offense charged and its elements. Such an error is not excused or waived by failure to request a proper instruction.'") (citation omitted).

**¶16** Cases applying *Avila* do so for the proposition that "[t]he failure to instruct the jury on an essential element of an offense is error." *State v. Fullem*, 185 Ariz. 134, 138 (App. 1995) (citing *Avila* in addressing claimed error in accomplice liability jury instruction); *accord State v. Portillo*, 179 Ariz. 116, 120-21 (App. 1994) (citing *Avila* in holding inadequate jury "instruction on the elements necessary for a conviction for conspiracy" was fundamental error), *vacated in part on other grounds in State v. Portillo*, 182 Ariz. 592 (1995).

**¶17** *Avila*, the cases cited in *Avila*, and the cases applying *Avila* each stand for the proposition that a trial court must properly instruct the jury on the elements of the charged offenses. None of those cases discuss or impose on the trial court a duty, on its own motion, to instruct on potential justifications. Here, Brown does not argue that the superior court failed to properly instruct the jury on the elements of any of the charged offenses. Simply put, despite broad language in *Avila*, that case and its progeny provide no basis to impose a sua sponte duty on the trial court to instruct the jury on potential justification defenses.

### B. *State v. Gendron.*

**¶18** In *Gendron*, decided six years after *Avila*, the defendant requested a justification jury instruction for an unlawful flight charge, but "specifically disclaimed reliance on a justification defense" for aggravated assault and criminal damage charges. 168 Ariz. 153, 154-55 (1991). On appeal, this Court concluded the superior court erred in failing to give justification instructions on the aggravated assault and criminal damage counts "*sua sponte*, even in the face of defendant's disclaimer in the trial court." 168 Ariz. at 154. The Arizona Supreme Court reversed, concluding this Court erred in "reach[ing] justification instruction issues on the aggravated assault and criminal damage counts." *Id*. at 155. In doing so, the Arizona Supreme Court noted that "even the failure to give a presumption of innocence instruction is not *per se* fundamental error in a criminal case." *Id. Gendron* concluded that "[n]either the fundamental error doctrine nor any other doctrine" justified this Court's "insertion of a new defense into the case." *Id.* Stated differently, *Gendron* concluded that the failure of the trial court, on its on motion, to give a justification jury instruction was not error.

**¶19** Although *Gendron* did not cite *Avila*, Arizona cases predating both have come to this same conclusion. *See, e.g.*, *State v. Lucas*, 146 Ariz. 597, 604 (1985) ("unless failure to instruct the jury would fundamentally violate defendant's right to a fair trial, the court is under no obligation to give the charge, absent a request"); *State v. Ganster*, 102 Ariz. 490, 495 (1967) ("generally the failure to give an instruction in the absence of a request for same is not error"); *State v. Baker*, 126 Ariz. 531, 532 (App. 1980) (similar); *State v. Corrao*, 115 Ariz. 55, 57 (App. 1977) (similar).

**¶20** Cases citing *Gendron* do so for the proposition that, absent fundamental error, "'failure to raise an issue at trial . . . waives the right to raise the issue on appeal.'" *State v. Milke*, 177 Ariz. 118, 122 (1993) (quoting *Gendron*, 168 Ariz. at 154); *State v. Lautzenheiser*, 180 Ariz. 7, 10 (1994) (same); *State v. Youngblood*, 173 Ariz. 502, 504 (1993) (same); *State v. Hill*, 174 Ariz. 313, 321 (1993) (similar); *see also State v. Hyde*, 186 Ariz. 252, 278 (1996) ("Defendant did not object to the instruction at trial. We therefore review the instruction for fundamental error.") (citing *Gendron*); *State v. Ramirez*, 178 Ariz. 116, 126 (1994) (similar); *State v. Romero*, 248 Ariz. 601, 606 ¶ 20 (App. 2020) ("the court's failure to sua sponte give . . . [jury] instruction was not improper"); *accord State v. Gallegos*, 178 Ariz. 1, 12 (1994) (Stating, without citing *Gendron*, that "a trial judge's failure to give an instruction sua sponte provides grounds for reversal only if such failure is fundamental error.") (citation omitted).

### C. Analysis of the Claimed Duty to Instruct The Jury on Justification Defenses That Have Not Been Requested.

**¶21** Taken together, *Avila* and *Gendron* stand for the proposition that, while the trial court must properly instruct the jury on the elements of the charged offenses and on reasonable doubt, *see Portillo*, 182 Ariz. at 596, there is no sua sponte duty to instruct the jury on justifications that the defendant does not request. To be sure, no Arizona Supreme Court opinion says exactly that. But, together, the cases stand for this proposition.

**¶22** More broadly, jury instructions given must correctly state the law. See *State v. Lehr*, 227 Ariz. 140, 151 ¶ 51 (2011) (citing *State v. Kiles*, 222 Ariz. 25, 32 ¶ 27 (2009)). This proposition, not a sua sponte duty to instruct the jury on justification defenses, explains *State v. Sulu-Kerr*, 256 Ariz. 530 (App. 2024).

**¶23** The State asserts *Sulu-Kerr* held "the trial court fundamentally erred by not sua sponte instructing the jury on the justification defense of 'defense of an occupied vehicle.'" *Sulu-Kerr* affirmed convictions for theft

of means of transportation and leaving the scene of a fatal accident but vacated and remanded for a new trial the convictions for negligent homicide and aggravated assault. 256 Ariz. at 543 ¶ 45. Dissatisfied with that outcome, the State filed a petition asking the Arizona Supreme Court to review *Sulu-Kerr*, which currently is pending.

¶24 *Sulu-Kerr* involved several justification jury instructions requested by the defendant and given by the superior court. 256 Ariz. at 535-36 ¶¶ 15-19. The opinion turned in large part on a seldom-used justification (defense of an occupied vehicle, A.R.S. § 13-418) that was neither requested by the defendant nor given in the jury instructions. *Id.* The argument on appeal, however, was not merely that the trial court had a sua sponte obligation to give the defense of an occupied vehicle justification instruction given the trial evidence. Instead, the defendant argued that the various justification jury instructions given incorrectly stated the law: "Asserting the instructions given 'left the jury with an incorrect understanding of justification defenses,' [the defendant] contends the omission constituted fundamental, prejudicial error." *Id.* at 535 ¶ 15. The *Sulu-Kerr* opinion agreed, concluding the prosecutor mischaracterized the law during closing arguments and, in doing so, "essentially relieved the State of the burden of proving the defendant acted without justification for purposes of aggravated assault" and negligent homicide. *Id.* at 540 ¶ 34. Noting a jury question evidenced prejudice, *Sulu-Kerr* concluded the defendant showed fundamental error resulting in prejudice. *Id.* at 540-41 ¶¶ 35-37. In this way, *Sulu-Kerr* properly reflects that common-sense notion that jury instructions given by the court must correctly state the law. *Sulu-Kerr* does not, however, reflect a novel view that trial courts have a sua sponte duty to instruct on all potentially applicable justification defenses.

**D. Trial Courts Have No Duty to Instruct The Jury on Justification Defenses That Have Not Been Requested.**

¶25 Justification defenses are one of three mutually exclusive types of defenses in criminal cases (the other two are affirmative defenses that attempt to excuse criminal conduct and defenses that deny or negate an element of the charge or responsibility). *See State v. Bayardi*, 230 Ariz. 195, 198-99 ¶ 13 (App. 2012). "Justification defenses describe conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct." A.R.S. § 13-205(A). If a justification defense is properly "presented by the defendant, the state must prove beyond a reasonable doubt that the defendant did not act with justification." *Id.* For several reasons, trial courts have no sua sponte duty to instruct the jury on justification defenses that have not been requested.

¶26     *First*, as discussed above, there is no Arizona case law imposing such a sua sponte duty. The absence of such authority is significant, given that justification defenses were added to the Arizona Criminal Code nearly 50 years ago, 1977 Ariz. Sess. Laws Ch. 142, § 44 (justification; self-defense, effective Oct. 1, 1978), and legislatively clarified nearly 20 years ago, *Carson*, 243 Ariz at 466 ¶ 11 (citing A.R.S. § 13–205(A)). That no case has found a sua sponte duty to instruct the jury on justification defenses during that extended period is a strong indicator that there is no such duty and that there should be no such duty.

¶27     *Second*, Brown has not shown how it would be practical to impose a sua sponte duty upon trial courts to instruct the jury on all potentially applicable justification defenses, as opposed to requiring defendants to request such instructions. Currently, there are nearly 20 justification defenses addressing a wide variety of circumstances.[2] Under Brown's view, after both parties rested in presenting evidence, the trial court would need to sift through the evidence to determine which of these disparate justification defenses had to be included in final jury instructions. The trial court then would then need to determine if the State could offer additional evidence addressing the justification defenses the court found applicable, given that the State "must prove beyond a reasonable doubt that the defendant did not act with justification." A.R.S. § 13-205(A). Such a profound and significant change in the adversarial system is not supported by statute or case law and would be contrary to longstanding procedural requirements. *See* Ariz. R. Crim. P. 15.2 (b)(1) (requiring pretrial disclosure of "all defenses the defendant intends to assert at trial, including, but not limited to, . . . self-defense, defense of others . . ."); Ariz. R. Crim P. 21.3(b) (requiring timely objections "to the court's giving or failing to give any

---

[2] See A.R.S. § 13-402 ("Justification; execution of public duty"); -403 ("Justification; use of physical force"); -404 ("Justification; self-defense"); -405 ("Justification; use of deadly physical force"); -406 ("Justification; defense of a third person"); -407 ("Justification; use of physical force in defense of premises"); -408 ("Justification; use of physical force in defense of property"); -409 ("Justification; use of physical force in law enforcement"); -410 ("Justification; use of deadly physical force in law enforcement"); -411 ("Justification; use of force in crime prevention; applicability"); -412 ("Duress"); -414 ("Justification; use of reasonable and necessary means"); -415 ("Justification; domestic violence"); -416 ("Justification; use of reasonable and necessary means; definition"); -417 ("Necessity defense"); -418 ("Justification; use of force in defense of residential structure or occupied vehicles; definitions"); -421 ("Justification; defensive display of a firearm; definition").

[jury] instructions;" "If a party does not make a proper objection, appellate review may be limited.").

¶28          *Third*, what justification defenses (if any) a criminal defendant may wish to press fairly is a question of trial strategy. The facts of this case prove the point. Brown's attorney did not argue self-defense and disavowed any reliance on self-defense. In considering similar facts, *Gendron* noted the strategic nature of justification defenses:  "For all we know, defendant might have objected had the trial court done what the appeals court now says it was required to do" (sua sponte provide a justification instruction). 168 Ariz. at 154.

¶29          *Finally*, and relatedly, Brown offers no answer to whether a trial court, if a sua sponte duty to instruct on justification defenses was to be imposed, could do so over a defendant's objection. Looking to lesser included offense instructions as a proxy, the Arizona Supreme Court has cautioned that a "trial court should be loath" to give such an instruction over objection "absent compelling circumstances to the contrary." *State v. Gipson*, 229 Ariz. 484, 487 ¶ 17 (2012). That caution would be even more acute for instructing the jury on justification defenses that a defendant has not invoked.

¶30          Trial courts have no duty to instruct the jury on justification defenses that have not been requested. On this record, Brown has failed to show error by the superior court failing, sua sponte, to instruct the jury on self-defense. As a result, he has failed to show fundamental error resulting in prejudice. *See Escalante,* 245 Ariz. at 142 ¶ 21; *James*, 231 Ariz. at 493 ¶ 11.[3]

## CONCLUSION

¶31          Because Brown has shown no error, his convictions and resulting sentences are affirmed.

---

[3] For these same reasons, Brown has failed to show (as he argues) that he was denied due process rights to present a full defense. To the extent Brown seeks to assert ineffective counsel, such a challenge must be raised in a separate proceeding. *See* Ariz. R. Crim. P. 32.

**B R O W N**, Judge, specially concurring:

**¶1**   I concur in the result. I write separately to briefly explain my view on what makes this case significantly different from *Sulu-Kerr* and why in some circumstances a trial judge may be required to take appropriate steps to ensure the jury is properly informed of the State's burden of proof in this unique area of the law.

**¶2**   As explained by our supreme court, "[i]n 2006, the legislature amended Arizona's statutes to declare that actions taken in self-defense transform conduct that would otherwise be criminal into legally permissible conduct." *Carson*, 243 Ariz. at 466, ¶ 11 (citing A.R.S. § 13-205(A) (stating that "[j]ustification defenses . . . are not affirmative defenses") and § 13-103(B) (describing an "affirmative defense" as a defense that "excuse[s]" criminal conduct and stating that such defenses do not include justification defenses)). The legislature mandated that if a defendant presents evidence of a justification defense, "the state must prove beyond a reasonable doubt *that the defendant did not act with justification*." A.R.S. § 13-205(A) (emphasis added). In *Carson*, the supreme court further explained that "[o]nce a defendant identifies evidence [supporting a self-defense instruction], the absence of self-defense *becomes an additional element the state must prove to convict*." *Carson*, 243 Ariz. at 466, ¶ 11 (emphasis added).

**¶3**   Thus, when at least one justification defense is properly invoked and supporting evidence has been presented at trial, the jury instructions need to accurately inform the jurors precisely what defenses are at issue based on the evidence. *State v. Rix*, 256 Ariz. 125, 137, ¶ 38 (App. 2023) ("The sole purpose of jury instructions is to correctly inform jurors of the applicable law."); *State v. Mendoza*, 234 Ariz. 259, 262, ¶ 15 (App. 2014) ("Jury instructions must 'adequately set forth the law applicable to the case.'"). The instructions are essential, and must be complete, because they form the basis for the jury to decide whether the State has met its burden of proving, beyond a reasonable doubt, the absence of all pertinent justification defenses, which effectively makes the State responsible for proving an "additional element" of the crime. *See Carson*, 243 Ariz. at 466, ¶ 11; *Sulu-Kerr*, 256 Ariz. at 538–39, ¶ 27 ("Simply put, without an instruction on the defense of an occupied vehicle justification, the instructions given failed to inform the jury of the law vital to its proper consideration of the evidence."); *see also State v. Ewer*, 254 Ariz. 326, 329, ¶ 11 (2023) ("[A] jury instruction is improper if it misleads the jury.").

¶4          Unlike the present case, the defendant in *Sulu-Kerr* did present justification defenses. *Sulu-Kerr*, 256 Ariz. at 535, ¶ 16. However, the jury instructions given did not accurately inform jurors that the State needed to prove the absence of an applicable justification defense—defense of an occupied vehicle—under A.R.S. § 13-418. *Id.* at 536–37, ¶ 23. Defense of an occupied vehicle was substantively different from the other self-defense instructions the jury was given, which meant that the trial court failed to correctly describe what the State needed to prove to show the defendant's acts were not justified. *Id.* at 538, ¶ 25. Thus, the defendant in *Sulu-Kerr* was effectively denied a right essential to her defense. *Cf. State v. Kemper*, 229 Ariz. 105, 107, ¶ 5–6 (App. 2011) (noting that instructions which "improperly relieved the State of its burden of proving an element of the offense" constituted fundamental error). But here, no such denial occurred because Brown never presented a justification defense and thus the State's burden to prove the absence of justification was not triggered.

¶5          If justification instructions given to a jury improperly relieve the State of its burden of proving beyond a reasonable doubt, which is essentially what occurred in *Sulu-Kerr*, that does not necessarily mean reversible error has occurred. Instead, in pressing such an argument on appeal the defendant carries the heavy burden of establishing fundamental error that results in prejudice. *See Escalante*, 245 Ariz. at 144, ¶ 31 (explaining that the standard for prejudice is not easily satisfied); *see also State v. Fierro*, 254 Ariz. 35, 42, ¶ 24 (2022) ("[I]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court" (quotation omitted)). Applying that principle here, Brown has failed to establish that any error occurred, much less fundamental error, because he never presented a justification defense at trial.

¶6          To avoid issues relating to the completeness of jury instructions when justification defenses have been properly presented during trial by the defendant, trial judges should be cognizant of the potential need to question trial counsel about which instructions will properly guide the jury and hold the State to its burden of proof on the justification defenses that are supported by the evidence. And trial counsel must recognize the critical role they play in evaluating the evidence and requesting pertinent instructions that will assist the court with its obligation to instruct the jury appropriately on justification defenses. *See* Ariz. R. Crim P. 21.2 (requiring that no later than the close of evidence, the parties must "submit to the court written requests for instructions"). When counsel falls short in that role, it undermines the judicial process by causing unnecessary delay and uncertainty.

¶7        For these reasons, I agree with affirming Brown's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:        AGFV