NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KION ELIJAH Z. JOHNSON, *Appellant.*

No. 1 CA-CR 24-0125

FILED 04-22-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-141692-001
The Honorable Joseph S. Kiefer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Madeline Shupe
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge David D. Weinzweig joined.

---

**K I L E Y**, Judge:

¶1        Kion Johnson appeals his convictions for disorderly conduct and other offenses, arguing that the superior court erred by not instructing the jury on the justification defense established by A.R.S. § 13-418. But Johnson never requested that instruction, and a trial court has no obligation to instruct the jury on justification defenses *sua sponte*. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Viewed in the light most favorable to upholding the jury's verdicts, *see State v. Rios*, 255 Ariz. 124, 127, ¶ 2 (App. 2023) (citation omitted), the evidence shows that one afternoon in November 2021, a witness called 911 after seeing a motorist driving a black Ford Fusion "holding" a "handgun" and "pointing it in different directions." Phoenix police officers in unmarked police cars began following the Fusion.

¶3        The Fusion turned into the parking lot of an apartment complex and stopped. As one of the officers testified at trial, a person later identified as Johnson "[c]ame from the apartments" and "got into the front passenger's seat of . . . the Ford Fusion." The Fusion then drove to another apartment complex and parked. The driver got out and walked toward the apartment building; Johnson stayed in the car.

¶4        After a few moments the driver returned, accompanied by another man. They both got into the Fusion. Before the Fusion pulled away, three officers, including Officer Skinner, executed a "box-in" maneuver by driving toward the Fusion and surrounding it with their unmarked police vehicles. As Skinner, who was driving an unmarked Chrysler Sebring, drove toward the Fusion, Johnson fired a shot that hit the Sebring's front windshield. Skinner heard a "bang, crack kind of noise" and was "immediately showered with glass shards to [his] face."

¶5        Upon hearing the gunshot, the officers got out of their vehicles with guns drawn. They arrested the occupants of the Fusion and found three handguns in the car, including one under the front passenger

seat where Johnson had been sitting. Swabs taken from Johnson's hands tested positive for gunshot residue.

¶6          The State charged Johnson with aggravated assault with a deadly weapon in violation of A.R.S. § 13-1203, drive-by shooting in violation of A.R.S. § 13-1209, and possession of a firearm by a minor in violation of A.R.S. § 13-3111.

¶7          At trial, the 911 caller, the police officers, and the forensic scientist who tested the swab obtained from Johnson testified about the events described above.

¶8          Johnson testified on his own behalf. He testified that he did not realize, when he was sitting in the Fusion, that the Sebring was a police vehicle. Instead, he said, he saw "a car coming at [him] full speed" and feared he "was going to be hurt or worse, killed." He shot at the Sebring, Johnson stated, to "stop the car that was coming towards [him]." He denied, however, that he aimed at the driver. When asked how the bullet could have stopped the Sebring unless it hit the driver, Johnson admitted, "I don't know."

¶9          Johnson asked that the jury be instructed on the justification defenses established by A.R.S. §§ 13-405 (justification – use of deadly force), -406 (justification – defense of a third person), and -411 (justification – use of force in crime prevention). *See also* Rev. Ariz. Jury Instr. ("RAJI") Stand. Crim. 4.05, 4.06, 4.11 (6th ed. 2022). The court gave all of the justification instructions that Johnson requested.

¶10          The jury found Johnson guilty of disorderly conduct, a lesser included offense of aggravated assault, and of possession of a weapon by a minor, and deadlocked on the drive-by shooting count. Shortly after, Johnson pled guilty to drive-by shooting. The court sentenced Johnson to concurrent terms of 2.25 years for disorderly conduct, six years for drive-by shooting, and one year on the weapons count.

¶11          Johnson timely appealed. This Court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

¶12          Johnson argues the court erred by not instructing the jury on the "defense of an occupied vehicle" justification defense established by A.R.S. § 13-418. He concedes that he never requested such an instruction,

but asserts that the court's failure to give the instruction *sua sponte* amounts to fundamental error entitling him to a new trial. In response, the State argues that the court did not err here because a court has no duty to *sua sponte* instruct the jury on defenses not requested by the defendant. In any event, the State argues, no evidence was presented at trial that could support an instruction under A.R.S. § 13-418.

¶13            "Parties are generally entitled to jury instructions on any theory reasonably supported by the evidence." *State v. Trinidad*, 257 Ariz. 485, __, ¶ 18, 550 P.3d 623, 626 (App. 2024) (cleaned up). "We review de novo whether a trial court properly instructed the jury, and whether the jury instructions properly state the law." *State v. Ewer*, 254 Ariz. 326, 329, ¶ 10 (2023) (cleaned up).

¶14            A claim of error to which no objection was made at trial is reviewed for fundamental error. *See State v. Riley*, 248 Ariz. 154, 170, ¶ 24 (2020) (citation omitted). An appellant claiming fundamental error bears the burden of demonstrating that error occurred, that it was fundamental, and that he suffered prejudice as a result. *Id.* Error is fundamental if it "went to the foundation of the case," "took from the defendant a right essential to his defense," or "was so egregious that [the defendant] could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

¶15            Section 13-418 states in part,

> [A] person is justified in threatening to use or using physical force or deadly physical force against another person if the person reasonably believes himself or another person to be in imminent peril of death or serious physical injury *and* the person against whom the physical force or deadly physical force is threatened or used was in the process of unlawfully or forcefully entering, or had unlawfully or forcefully entered, a[n] . . . occupied vehicle, or had removed or was attempting to remove another person against the other person's will from the . . . occupied vehicle.

A.R.S. § 13-418(A) (emphasis added).

¶16            As Johnson correctly asserts, a trial court has an "obligation to properly instruct a jury on the law . . . whether the parties request a specific instruction or not." *See State v. Avila*, 147 Ariz. 330, 337 (1985) ("[A] trial court has a duty to instruct on the law relating to the facts of the case when the matter is vital to a proper consideration of the evidence, even if

not requested by the defense." (citations omitted)). The trial court's failure to do so may constitute fundamental error. *Id.*

¶17　　　This rule is applied sparingly, however, and for good reason: it runs counter to the premise of our adversarial system that "the litigants are responsible for developing arguments and adducing evidence on which to stake their positions" because "the parties know what is best for them." *Dynometrics Inc. v. Ariz. Dep't of Econ. Sec.*, 257 Ariz. 283, __, ¶ 34, 547 P.3d 1068, 1076 (App. 2024) (cleaned up); *see also State v. Walker*, 159 Ariz. 506, 510 (App. 1989) (noting that "litigation . . . in a criminal court" involves "two adversaries and a neutral factfinder not responsible for developing the record" (citation omitted)). To shift the obligation for identifying appropriate jury instructions from the parties to the court jeopardizes the integrity of the court's role as impartial arbiter of disputes between contesting parties. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, . . . we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *United States v. Tyson*, 653 F.3d 192, 212 (3d Cir. 2011) ("A defendant's strategy is his own. It is not for the [trial] court to *sua sponte* determine which defenses are appropriate under the circumstances.").

¶18　　　In keeping with the "party presentation" principle on which our adversarial system is based, Arizona courts have consistently held that a trial court commits no error by failing to give a justification instruction that no party requested. *See, e.g.*, *State v. Blankenship*, 99 Ariz. 60, 68 (1965) (rejecting defendants' claim that "the trial court committed fundamental error in failing to instruct the jury on its own motion . . . as to [the defendants'] right to use force to protect their property"; "[T]his court has repeatedly held that where a defendant desires special instructions, and has neglected to request same, it constitutes a waiver of any right to such admonition." (citations omitted)); *State v. Lee*, 80 Ariz. 213, 215-16 (1956) (rejecting, as "contrary" to "well settled" law, defendant's argument that trial court erred by failing "on its own motion to instruct the jury as to self-defense despite defendant's failure to request such an instruction" (citations omitted)); *State v. Brown*, __ Ariz. __, __, ¶ 30, 556 P.3d 776, 782 (App. 2024) ("Trial courts have no duty to instruct the jury on justification defenses that have not been requested.").

¶19　　　To support his argument, Johnson relies on two cases decided by this Court last year. *See State v. Sulu-Kerr*, 256 Ariz. 584 (App. 2024), *depublished by* 559 P.3d 637 (Ariz. 2024); *State v. Jones*, __ Ariz. __, 559 P.3d

1112 (App. 2024), *vacated*, CR-24-0286-PR, 2025 WL 711118 (Ariz. Mar. 5, 2025). In each of these two cases, this Court held that the superior court committed fundamental error by failing to *sua sponte* instruct the jury on the justification defense established by A.R.S. § 13-418. After Johnson submitted his briefing in this appeal, however, the Arizona Supreme Court vacated *Jones* and ordered *Sulu-Kerr* depublished. Neither case, therefore, bolsters Johnson's position. *See* Ariz. R. Sup. Ct. 111(c)(1)(C) (providing that depublished opinion may not be cited for persuasive value).

¶20      In keeping with *Blankenship*, *Lee*, and *Brown*, we hold that a trial court has no obligation to give a justification instruction that no party requested. The court's failure to instruct the jury *sua sponte* on the justification defense established by A.R.S. § 13-418 was not error, much less fundamental error. And because the court did not err in failing to *sua sponte* instruct the jury on justification under A.R.S. § 13-418, we need not address the State's alternative argument that the evidence presented at trial did not warrant such an instruction anyway.

## CONCLUSION

¶21      The trial court did not err in failing to *sua sponte* instruct the jury on the justification defense established by A.R.S. § 13-418. We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR