IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY B. HENDRICKS, *Appellant.*

No. 1 CA-CR 24-0232

FILED 05-13-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-114663-001
The Honorable Suzanne Marie Nicholls, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

**OPINION**

Vice Chief Judge Randall M. Howe delivered the Opinion of the Court, in which Presiding Judge Brian Y. Furuya and Chief Judge David B. Gass joined.

---

**H O W E**, Judge:

**¶1**        Anthony Hendricks appeals from his conviction and sentence for misconduct involving weapons. He argues that the superior court erred by not instructing the jury on a necessity defense. *See* A.R.S. § 13-417.

**¶2**        At trial, Hendricks requested "Defense of Premises" and "Crime Prevention" instructions, *see* A.R.S. §§ 13-407, 13-411, but did not specifically request a necessity defense instruction. We now clarify that a request for one justification defense instruction does not preserve a challenge relating to a different justification defense on appeal, which we therefore review for fundamental error. We affirm because the court need not sua sponte instruct the jury on a justification defense that has not been requested. *State v. Brown*, ___ Ariz. ___, ___ ¶ 30, 556 P.3d 776, 782 (App. 2024).

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        We view the facts "in the light most favorable to upholding the jury's verdicts, resolving all reasonable inferences against the defendant." *State v. Duncan*, 257 Ariz. 360, 366 ¶ 2 (App. 2024).

**¶4**        On the night of April 23, 2022, Hendricks and another man were loudly arguing outside the ground floor of an apartment complex in Phoenix. A gun was fired, striking the other man in the leg. The man then ran up a set of stairs.

**¶5**        Hendricks, who was holding a gun, walked over to his apartment on the ground floor, banging on its window and screaming at its occupants to let him inside. After the occupants would not open the door, Hendricks broke the window. Hendricks handed the gun to someone in the apartment through the window.

**¶6**        Police arriving in response to a shots-fired call searched Hendricks, finding three bullets in a pocket. Police later patted down

Hendricks's teenage stepson, finding a gun in his waistband. Hendricks's DNA was found on both the gun and its magazine.

¶7          The State charged Hendricks, who was a prohibited possessor of firearms, with misconduct involving weapons. Hendricks initially noticed several defenses, *see* Ariz. R. Crim. P. 15.2(b), but did not include justification. Before trial, Hendricks filed a supplemental notice including justification defenses generally without specifying the type. *See* A.R.S. §§ 13-401–421.

¶8          The State moved in limine to preclude any justification defense. At pretrial argument on the motion, Hendricks argued he wished specifically to raise a "defense of community." The court granted the motion, finding justification is not statutorily permitted for misconduct involving weapons charges. Before voir dire, Hendricks stated circumstances might arise permitting "justification and necessity" defenses. But the court treated his statement as simply noting he would move for reconsideration of the court's ruling if the evidence developed at trial so warranted.

¶9          At the close of evidence, Hendricks moved for reconsideration of the ruling and requested "additional instructions regarding justification on those different points" as "indicated in the e-mails prior to the hearing today." In those emails, Hendricks made "a record on my requesting a (Statutory) justification instruction for 'Defense of Premises', and 'Crime Prevention'." Hendricks conceded that he understood the law did not permit a justification defense for misconduct involving weapons, but he argued that "it would be in the interest of justice were the law to start to allow justification and necessity defenses in a misconduct involving weapons case." The court denied the motion, finding persuasive the reasoning of a depublished case that justification defenses are not permitted for misconduct involving weapons charges.

¶10          At trial, a witness from the apartment adjacent to Hendricks's testified that he (1) heard Hendricks arguing with the victim, (2) heard a gunshot, (3) saw the victim run upstairs, and (4) saw Hendricks bang on his window, break it, and hand a gun to an occupant inside. Hendricks testified that the argument was between the victim and his stepson and that he took possession of the gun only after the shot was fired. He further testified that he told police he possessed the gun to protect his teenage stepson from trouble.

¶11        A jury convicted Hendricks of misconduct involving weapons, and he timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A).

## DISCUSSION

¶12        Hendricks argues that the trial court abused its discretion by not providing a necessity instruction under A.R.S. § 13-417(A). Our standard of review depends on whether Hendricks requested a necessity instruction at trial, thereby preserving the challenge, which we now address.

## I.        Preservation on Appeal of Necessity Defense Challenge.

¶13        The State contends that although "Hendricks argued that 'justification and necessity defenses' should be available in a weapons misconduct case as a general principle," he never specifically requested a necessity instruction. Thus, it argues fundamental error review applies. Hendricks responds that he preserved the issue because "[c]ounsel repeated that 'necessity justification' should apply in the circumstances of this case and later argued that it would be in the interest of justice to permit an instruction on 'justification and necessity' in a misconduct involving weapons case."

¶14        On appeal, to preserve a challenge to the omission of a justification defense instruction, the defendant must specifically request that instruction at trial because justification instructions are a choice of core trial strategy. *See Brown*, 556 P.3d at 782 ¶ 28 ("[W]hat justification defenses (if any) a criminal defendant may wish to press fairly is a question of trial strategy."). "Currently, there are nearly 20 justification defenses addressing a wide variety of circumstances." *Id.* at 782 ¶ 27; *see* A.R.S. §§ 13-401–21. These defenses describe "conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct." A.R.S. § 13-205(A). Thus, "an affirmative defense is a matter of avoidance of culpability even if the State proves the offense beyond a reasonable doubt." *State v. Farley*, 199 Ariz. 542, 544 ¶ 11 (App. 2001).

¶15        In other words, by requesting a justification defense instruction, the defendant argues that even if he committed the alleged act, he is not criminally liable because he was justified in committing the act. *See Patterson v. New York*, 432 U.S. 197, 206–07 (1977) (An affirmative defense "does not serve to negative any facts of the crime which the State is to prove in order to convict . . . ."). But a defendant cannot simply claim his conduct was justified without more; the law distinguishes each defense from one

another, *see* A.R.S. §§ 13-401–21; Ariz. R. Crim. P. 15.2(b)(1), and conduct justified under one defense may not be justified under another. Thus, the defendant must explain how his conduct was justified under the specific claimed justification defense. "'For all we know, defendant might have objected had the trial court done what the appeals court now says it was required to do' (sua sponte provide a justification instruction)." *Brown*, 556 P.3d at 782 ¶ 28 (quoting *State v. Gendron*, 168 Ariz. 153, 154 (1991)).

¶16   Without a specific request from counsel, the court need not "determine which of these disparate justification defenses ha[s] to be included in final jury instructions." *Id.* at 782 ¶ 27. If the defendant could preserve a challenge to the omission of all justification defense instructions by raising any justification defense at trial, in effect we would allow the defendant to invite trial error and profit from it on appeal. *See State v. Lucero*, 223 Ariz. 129, 135 ¶ 17 (App. 2009). Thus, raising one justification defense does not preserve a challenge relating to a different justification defense on appeal. *See Brown*, 556 P.3d at 782 ¶ 30 ("Trial courts have no duty to instruct the jury on justification defenses that have not been requested."); *State v. Vassell*, 238 Ariz. 281, 290 ¶ 40 (App. 2015) (Eckerstrom, J., specially concurring) (Defendant's request for a "'justification instruction' attempted to foist upon the trial court the dual tasks of selecting among the various justification statutes in chapter 4 of title 13 and drafting an accurate jury instruction."); Ariz. R. Crim. P. 15.2(b)(1) (requiring pretrial disclosure of "all defenses the defendant intends to assert at trial" and distinguishing between different defenses, including justification defenses).

¶17   During the three discussions about justification defenses, Hendricks never requested a necessity instruction. When the court first heard oral argument on the State's motion in limine, Hendricks stated only that "defense of community" was relevant to the misconduct involving weapons charge. Then, when counsel made a record before voir dire on "justification and necessity" defenses, he confirmed he was not challenging the court's ruling at that time because "this may or may not be one of those circumstances" where the defense is allowed. Instead, he would move for reconsideration "when and if it [became] appropriate."

¶18   When that time came, Hendricks specifically requested justification instructions as "indicated in the e-mails prior to the hearing today." And in those emails, Hendricks requested only "Defense of Premises" and "Crime Prevention" instructions. Significantly, the emails make no mention of necessity. Thus, these requests do not preserve a challenge to the court's omission of a necessity defense instruction.

## II.    Fundamental Error.

**¶19**        Because Hendricks did not request a necessity instruction at trial, we review the superior court's omission of a necessity instruction for fundamental error. Ariz. R. Crim. P. 21.3(b); *State v. Escalante*, 245 Ariz. 135, 142 ¶ 1 (2018). Hendricks has the burden to establish that the error (1) occurred, (2) was fundamental, and (3) caused him prejudice. *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citing cases).

**¶20**        Hendricks argues that the court committed fundamental error by not sua sponte giving a necessity instruction. But in support, Hendricks cites an opinion by this Court that the Arizona Supreme Court vacated during the course of this appeal. *See State v. Jones*, 559 P.3d 1112, 1114 (Ariz. App. 2024) (holding that the superior court erred by not sua sponte instructing the jury on a justification defense), *review granted, opinion vacated*, No. CR-24-0286-PR, 2025 WL 711118 (Ariz. Mar. 5, 2025). In vacating *Jones*, the supreme court remanded for reconsideration in light of this Court's opinion in *Brown*. *Jones*, No. CR-24-0286-PR. In *Brown*, this Court held that "[t]rial courts have no duty to instruct the jury on justification defenses that have not been requested." 556 P.3d at 782 ¶ 30. Thus, because the court did not have a duty to sua sponte instruct the jury on a necessity defense, the court did not err.

### CONCLUSION

**¶21**        We affirm.

